# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TROY REDD,<br><br>      Plaintiff,<br><br>vs.<br><br>DUSTIN LUTGEN, et al,<br><br>      Defendants. | No. C11-3046-MWB<br><br>***REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER*** |

Plaintiff Troy Redd, an inmate in Iowa's state prison system, has filed an application (Doc. No. 26) for preliminary injunction and temporary restraining order. He seeks to block his then-planned, and now-completed, transfer from one correctional facility to another. Defendants have filed a resistance (Doc. No. 27). Judge Bennett has referred the motion to me for preparation of a report and recommended disposition. Having reviewed the written submissions, I find that oral argument is not necessary and that it is not necessary to await a reply brief. *See* N.D. Ia. L.R. 7(c), 7(g).

## *BACKGROUND*

Redd filed this lawsuit on September 12, 2011. Due to various delays, his *pro se* complaint was not accepted for filing until August 27, 2012, and was not served until February 2013. Redd contends that the defendants violated his constitutional right to the free exercise of religion while Redd was an inmate at the Fort Dodge Correctional Facility (Fort Dodge). The five named defendants are individuals who were, during the relevant period of time, associated with the Iowa Department of Corrections. Redd alleges that he is a Muslim and that in 2009 the defendants improperly restricted his

participation in the Ramadan fast and the feast that marks the end of Ramadan. Defendants deny Redd's claim and have filed a motion for summary judgment, which Redd has resisted. That motion is currently pending.

On October 15, 2013, Redd filed his present application for preliminary injunction and temporary restraining order. Redd contends that the defendants have repeatedly transferred him from one facility to another in retaliation for his filing of this case. Specifically, he contends that he was transferred from Fort Dodge to the Newton Correctional Facility (Newton) in February 2013, just two weeks after the defendants were served with notice of this lawsuit. He further contends that the defendants have announced an intention to transfer him again, this time to the Clarinda Correctional Facility (Clarinda). And, in fact, the defendants acknowledge that this transfer was completed on October 16, 2013.

Redd contends that these transfers have caused injury to him by burdening his family and making it difficult for them to visit him. He states that Fort Dodge was a convenient location for his incarceration, as it was a short drive for his family members who reside in Waterloo, Iowa. He further states that some of his family members suffer from medical conditions that make it difficult for them to visit him at Clarinda. He contends that the recent transfers violate defendants' own policies and that they have occurred for retaliatory reasons. He seeks injunctive relief which would, now that the transfer has occurred, require defendants to return him to Newton.

Defendants, by way of resistance, deny that injunctive relief is appropriate. They contend that Redd has suffered no irreparable harm, that the harm to the Iowa Department of Corrections if an injunction issues would exceed any alleged harm to Redd, and that Redd is unlikely to prevail on the merits of his claim. Defendants suggest that the relief Redd requests would amount to improper interference by this court with the operation of the Iowa state prison system.

## ANALYSIS

### A. Standards For Considering A Request For Preliminary Injunction

The Eighth Circuit Court of Appeals has stated:

> When evaluating whether to issue a preliminary injunction, a district court should consider four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest.

*Roudachevski v. All–American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). In this circuit, these are often referred to as the *"Dataphase"* factors. In applying these factors, the court must keep in mind that a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). And, of course, the party seeking injunctive relief bears the burden of proving that it is appropriate. *Roudachevski*, 648 F.3d at 705.

In this case, a threshold question exists as to whether it is even appropriate to consider the *Dataphase* factors. This is because the relief Redd now seeks is different from the relief requested in his complaint. Redd seeks a preliminary injunction to prevent (or reverse) his transfer from one facility to another. In his complaint, Redd alleges that the defendants violated his First Amendment right to the free exercise of his religious beliefs in connection with "a religious feast and prayer." Doc. No. 4 at 3. While his complaint does not specify the relevant time period, his other filings in this case state that the alleged events forming the basis of his claim took place in 2009. *See, e.g.,* Doc. No. 24-2 at 1-3. His complaint states that the relief he requests is "monetary relief as the Court or Jury see as just." Doc. No. 4 at 4.

Redd has not amended his complaint, nor has he sought leave to do so. As such, the only claim pending in this case is a claim for money damages based on events that allegedly occurred in 2009. Now, however, Redd seeks entry of a preliminary

injunction concerning the location of his incarceration. In particular, he complains that his transfer from Newton to Clarinda was improper and was driven by retaliatory motives. Even if he is correct, I must first consider whether it is appropriate for a plaintiff to seek a preliminary injunction that is not based on conduct alleged in the complaint.

## B. The Relationship Requirement

As it turns out, Redd is not the first inmate-plaintiff to seek injunctive relief based on adverse actions allegedly taken in retaliation for the filing of the underlying lawsuit. In *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994) (per curiam), a state prison inmate filed a Section 1983 action alleging that he was being deprived of adequate medical treatment. *Id*. at 471. While that case was pending, he sought an injunction to bar prison officials from taking actions that, he claimed, constituted retaliation for his filing of the lawsuit. *Id*. In affirming the district court's denial of the requested injunction, the Eighth Circuit stated:

> Faced with a motion that raised issues entirely different from those presented in Devose's complaint, the district court concluded that Devose had failed to allege circumstances that entitled him to a preliminary injunction, and denied his motion without a hearing. Devose appeals and we affirm.
>
> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. . . . Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. . . . It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might

4

> support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

*Id.* [citations omitted]; *accord Owens v. Severin*, 293 Fed. Appx. 425, 425 (8th Cir. 2008) (unpublished); *Hale v. Wood*, 89 F.3d 840 (8th Cir. 1996) (table). Indeed, this court has held that the "first step" for a party seeking a preliminary injunction is "the establishment of a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Olham v. Chandler-Halford*, 877 F. Supp. 1340, 1346 (N.D. Iowa 1995).

This "relationship" requirement is not limited to prisoner lawsuits. The Eleventh Circuit Court of Appeals, in a case not involving an inmate, has explained:

> A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit. Here, the suit is one for damages on a claim of fraud. In his injunction [plaintiff] sought equitable relief regarding a First Amendment issue, but that relief was not of the same character that could be granted finally, and dealt with a matter that was wholly outside of the issues in the suit. The district court did not err in denying the motion for an injunction.

*Kaimowitz v. Orlando, Florida*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). The requirement is necessary because the purpose of a preliminary injunction is to impose a provisional remedy that will remain in place until the issues can be decided on their merits at trial. This is precisely why one of the *Dataphase* factors explores the probability that the movant will ultimately succeed on the merits. A preliminary injunction that bears no relationship to the events alleged in the complaint would be unworkable, as the issues giving rise to that injunction will not be addressed, let alone resolved, at trial.

Redd has failed the "first step" of the preliminary injunction analysis. His request for an injunction is based on alleged facts that are outside the scope of his

complaint. A preliminary injunction concerning his place of incarceration would bear no relationship to the relief requested in his complaint. As such, I find that it is unnecessary to evaluate the *Dataphase* factors. I must recommend that Redd's application for a preliminary injunction be denied.

In making this recommendation, I take no position as to the merits of Redd's current allegations. It is certainly possible that one or more of the defendants have violated Redd's constitutional rights by taking adverse action against him in retaliation for his filing of this lawsuit. Of course, it is also possible that no such retaliation has occurred. Either way, a request for a preliminary injunction in this lawsuit is not the appropriate procedural mechanism to address Redd's allegations.

### *Conclusion and Recommendation*

For the reasons discussed above, I RESPECTFULLY RECOMMEND that the Redd's application (Doc. No. 26) for preliminary injunction and temporary restraining order be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 23rd day of October, 2013.

                                                _____
                                                LEONARD T. STRAND
                                                UNITED STATES MAGISTRATE JUDGE