# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TROY REDD,<br><br>    Plaintiff,<br>vs.<br><br>DUSTIN LUTGEN, MARY DICK, CORNELL SMITH, JOHN BALDWIN, and TAHA TAWIL,<br><br>    Defendants. | No. C 11-3046-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S APPEAL OF ORDER BY MAGISTRATE JUDGE DENYING APPOINTMENT OF COUNSEL |

_____

This is an action pursuant to 42 U.S.C. § 1983, by plaintiff Troy Redd, a state prisoner, alleging that, in September of 2009, he was denied the opportunity to participate in a religious feast and prayer, because he refused to sign an "illegal" document provided by the Iowa Department of Corrections. This case is before me on Redd's August 30, 2013, *pro se* Motion Petitioning The Court For An Appeal Hearing For Further Review Of Appointment Of Counsel (docket no. 19). In his Motion, Redd challenges United States Magistrate Judge Leonard T. Strand's August 20, 2013, Order (docket no. 14) denying Redd's second Motion For Appointment Of Counsel (docket no. 10).

In his Order, Judge Strand concluded, "In light of the record, which includes the affirmative defenses raised by the defendants, the court finds that appointment of counsel is not justified at this time." Redd argues that Judge Strand should have appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), because this case involves complicated legal issues, he has no access to a law library or legal materials, he has

limited education, he has no resources to employ an attorney, and the Prison Litigation Reform Act has made attorneys far less willing to take on prisoner litigation.

The Motion now before me is an "appeal" of a non-dispositive order by a magistrate judge within the meaning of Rule 72(a) of the Federal Rules of Civil Procedure and N.D. IA. L.R. 72.1. When reviewing a magistrate judge's non-dispositive order, the court applies a "clearly erroneous" or contrary-to-law standard. FED. R. CIV. P. 72(a); *see, e.g., Benedict v. Zimmer*, 232 F .R.D. 305, 316 (N.D. Iowa 2005). The order is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gateway, Inc. v. Companion Prods., Inc.*, 384 F.3d 503, 507–08 (8th Cir. 2004) (quoting *Prufrock Ltd. v. Lasater*, 781 F.2d 129, 133 (8th Cir. 1986)); *see Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996). "Stated another way, '[t]o be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *United States v. Sanders*, 424 F.3d 768, 778 (8th Cir. 2005) (citing *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001)). Judge Strand's denial of Redd's request for appointment of counsel lacks any such forceful odor of error.

I denied Redd's first Request For The Appointment Of Counsel (docket no. 2), by Order (docket no. 3), filed August 27, 2012, prior to authorizing the filing of Redd's Complaint in this action *in forma pauperis*, after considering the factors pertinent to appointment of counsel in a prisoner's civil case pursuant to § 1983, because, "[g]iven the record, [I] d[id] not believe that the assistance of counsel [wa]s warranted." Order (docket no. 3) at 3-4. I still do not believe that the issues raised in Redd's Complaint require the appointment of counsel, notwithstanding his arguments on this appeal that appointment of counsel is justified.

Furthermore, Judge Strand did not clearly err by denying the appointment of counsel, at least in part, in light of the defendants' affirmative defenses. Those

affirmative defenses include failure to state a claim upon which relief can be granted, failure to exhaust remedies and lack of physical injury as the basis for damages pursuant to 42 U.S.C. § 1997e(a) and (e), and qualified immunity. Indeed, prior to Judge Strand's denial of Redd's second request for appointment of counsel and Redd's appeal, the defendants filed a Motion For Summary Judgment (docket no. 11), asserting that, as a matter of law, there was no violation of Redd's constitutional rights, his claims are barred by 42 U.S.C. § 1997e(e), some of the defendants had no involvement in the incident on which Redd's claims are based, and Redd's claims are time-barred by the applicable statute of limitations. It does not appear to me that Judge Strand clearly erred by concluding that Redd has not asserted claims that are of sufficient complexity or novelty or that the potentially dispositive factual issues are subject to conflicting testimony, such that appointment of counsel is warranted. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (identifying relevant factors).

THEREFORE, plaintiff Troy Redd's objections to the denial of appointment of counsel in his August 30, 2013, *pro se* Motion Petitioning The Court For An Appeal Hearing For Further Review Of Appointment Of Counsel (docket no. 19) are **overruled**, and United States Magistrate Judge Leonard T. Strand's August 20, 2013, Order (docket no. 14), denying Redd's second Motion For Appointment Of Counsel (docket no. 10), is **affirmed**.

**IT IS SO ORDERED**.

**DATED** this 23rd day of October, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA